# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY C. BUTLER, | 1:11-cv-0723 AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| DR. O. ONYEJE, et al., | (DOC. 16, 20) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendations**

**I.      Background**

Plaintiff Perry C. Butler ("Plaintiff") is a former prisoner of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 5, 2011. Plaintiff filed a First Amended Complaint on May 24, 2011. On November 7, 2011, the Court screened Plaintiff's First Amended Complaint and found that it stated cognizable claims against Defendants Dr. O. Onyeje and ENT Doe for violation of the Eighth Amendment, but did not state any other claims. Plaintiff was provided the opportunity to either file a second amended complaint or notify the Court of his willingness to proceed only on th claims found to be cognizable. On November 30, 2011, Plaintiff notified the Court of his willingness to proceed only on the cognizable claims. The Court issues the following Findings and Recommendations.

Plaintiff was released on parole on March 2, 2011. Prior to his release, he was incarcerated at Corcoran State Prison in Corcoran, California. Although Plaintiff is no longer in

1

custody, his allegations concern the conditions of his confinement and therefore this action is treated as a prisoner civil rights action.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.    Summary Of Complaint

Until his parole in March 2011, Plaintiff was incarcerated at Corcoran State Prison in Corcoran, California, where the events giving rise to this action occurred. As Defendants, Plaintiff names Dr. O. Onyeje, Physician's Assistant T. Byers, LVN Le May, Ear, Nose and Throat specialist ("ENT") Jon Doe, Insurance Carrier Jon Doe and "Doe Defendant LVN."

Plaintiff alleges that on September 1, 2009, he submitted a Health Care Services Request form to see an ENT for pain in his throat and ears and severe headaches. He was seen first by "Doe Defendant LVN," who determined that Plaintiff may have infections in his ears. Thereafter, he was seen by general practitioner Dr. Onyeje. Dr. Onyeje examined Plaintiff and determined that he had an infection is his ears. Dr. Onyeje told Plaintiff that it did not make any sense to waste the State's money sending him to an ENT because he could treat Plaintiff for the infection. Dr. Onyeje prescribed Plaintiff antibiotics.

From September 1, 2009, through August 29, 2010, Plaintiff continued to complain to Dr. Onyeje of his serious medical need to see an ENT because of his ongoing pain in his throat and ears and headaches.

From September 1, 2009, through July 2010, Dr. Onyeje examined Plaintiff and

2

determined that he still had an infection in his ears.  Dr. Onyeje continued to insist that it did not make any sense to waste the State's money sending him to an ENT because he could treat Plaintiff himself.  Dr. Onyeje prescribed more antibiotics in combination with Neomycin-Polymyxin and instructed Plaintiff to put two drops in each ear, three times per day.

After almost one year of having an ear infection and being denied examination by an ENT, and only after Plaintiff had suffered hearing loss, Dr. Onyeje scheduled an appointment with Defendant ENT Doe.  On or about August 29, 2010, ENT Doe examined Plaintiff and informed him that the continued use of Neomycin-Polymyxin beyond ten consecutive days caused the injection to turn into a fungus and caused Plaintiff to lose his hearing.  ENT Doe Specialist, instructed Dr. Onyeje to discontinue the drops and provide Plaintiff with pain medication and hearing aides.  No treatment was provided for the fungus.

On September 5, 2010, Plaintiff submitted a request for hearing aides and a yellow vest.  After it was confirmed that Plaintiff was hearing impaired, he was provided with hearing aides for each ear and a yellow vest to give staff notice of his hearing impairment.

Plaintiff alleges that Dr. Onyeje had Plaintiff continue using the Neomycin-Polymyxin drops, despite the fact that he knew, or should have known, that using the drops beyond ten consecutive days could cause hearing loss.  Warning instructions exist that (1) indicate that prolonged use of the drops beyond ten days could result in hearing loss; and (2) instruct that if the infection does not improve after one week, cultures and susceptibility tests should be repeated.

Plaintiff alleges that no Defendant ever performed cultures or susceptibility tests to verify the identity of the organism so as to determine what treatment should be provided.

Based on these allegations, Plaintiff alleges that (1) Dr. Onyeje, with deliberate indifference to Plaintiff's serious medical needs, deprived Plaintiff of adequate medical treatment and caused permanent damage as a result of denial, delay and interference with Plaintiff's request to see an ENT, in violation of the Eighth and Fourteenth Amendments; (2) Dr. Onyeje, with deliberate indifference to Plaintiff's serious medical needs, ignored the warning instructions related to Neomycin-Polymyxin and failed to inform Plaintiff of the risks, in violation of the

Eighth and Fourteenth Amendments; (3) neither the "named or unnamed Doe Defendants" performed cultures or susceptibility tests to verify the identity of the organism and determine proper treatment, in violation of the Eighth and Fourteenth Amendments; (4) ENT Doe and Dr. Onyeje, with deliberate indifference to Plaintiff's serious medical needs, deprived Plaintiff of adequate medical treatment and caused pain and suffering, in violation of the Eighth and Fourteenth Amendments; (5) Dr. Onyeje provided treatment based on non-medical reasons by refusing an appointment with an ENT to avoid wasting the State's money, in violation of the Eighth and Fourteenth Amendments; (6) Defendant Jon Doe, Dr. Onyeje's insurance provider, "is and has agreed to be legally responsible for all acts and omissions of Dr. Onyeje; and (7) Defendants T. Byers and Le May are responsible for Plaintiff's injury and hearing impairment based on their deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth and Fourteenth Amendments.

Plaintiff requests declaratory relief and monetary damages.

**III.   Analysis**

    **A.   Eighth Amendment - Medical Care**

Plaintiff contends that he received inadequate care for his ear infections in violation of the Eighth Amendment.

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

4

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

*Defendants Onyeje and Defendant ENT Doe*

Plaintiff states a cognizable claim for violation of the Eighth Amendment against Defendants Dr. Onyeje and ENT Doe.[1]

*Defendants T. Byers and Le May*

Almost all factual allegations in the First Amended Complaint relate to either Defendant Dr. Onyeje or Defendant Doe ENT. Although Plaintiff identifies Defendants T. Byers and Le May and alleges an Eighth Amendment claim against them, he provides no facts to support his allegations. As explained above, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Plaintiff's First Amended Complaint contains only conclusory allegations and therefore fails to state a claim against Defendants Byers and May.

*Defendant Doe LVN*

According to Plaintiff, Doe LVN was the first person to see Plaintiff for his ear-related complaints in September 2009. There are no other factual allegations involving Doe LVN. Plaintiff makes a broad statement that the "named and unnamed Doe Defendants" failed to perform appropriate testing, but even assuming this allegation includes Doe LVN, Plaintiff makes no allegation that Doe LVN knew of, and disregarded, any risk to Plaintiff's health. He therefore fails to state an Eighth Amendment claim against Doe LVN.

*Defendant Doe Insurance Agent*

---

[1] Plaintiff is advised that ENT Doe cannot be served by the United States Marshal until Plaintiff ascertains his/her identity.

5

1    Plaintiff also alleges that Dr. Onyeje's insurance provider is somehow liable to Plaintiff.

2    To state a claim under section 1983, Plaintiff must allege that Defendant deprived him of
3 rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178,
4 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in
5 the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

6    Here, Plaintiff alleges liability against the insurance provider based on his belief that the
7 provider is "legally responsible for all acts and omissions of Defendant Dr. O. Onyeje." Not only
8 is this statement legally incorrect, but it also highlights the insufficiency of his allegation.
9 Section 1983 requires *actual, personal* participation in the deprivation of rights. Plaintiff makes
10 no allegation that the insurance provider participated in his care in any way and therefore fails to
11 state a claim against Defendant Jon Doe, Dr. Onyeje's insurance provider.

12   **B**.    **Fourteenth Amendment Claim**

13   Plaintiff also alleges a violation of the Fourteenth Amendment based on the same facts
14 related to his medical care. In this case, however, the Eighth Amendment "provides [the] explicit
15 textual source of constitutional protection . . . ." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir.
16 1996. Therefore, the Eighth Amendment, rather than the Due Process Clause of the Fourteenth
17 Amendment, governs Plaintiff's claims.

18 **IV.**   **Conclusion And Recommendation**

19   Plaintiff states a cognizable Eighth Amendment claim against Defendant Dr. Onyeje and
20 Defendant ENT Doe. Plaintiff fails to state any other cognizable claims against any other
21 Defendants. Plaintiff was provided the opportunity to file a second amended complaint to cure
22 the deficiencies identified. Plaintiff declined.

23   Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

24   1.   This action proceed on Plaintiff's First Amended Complaint against Defendants
25        O. Onyeje and ENT Jon Doe for deliberate indifference to a serious medical need
26        in violation of the Eighth Amendment;
27   2.   Plaintiff's claims against Defendants T. Byers, LVN Le May, Insurance Carrier
28        Jon Doe, and Doe Defendant LVN be dismissed with prejudice for failure to state

6

1      a claim; and

2      3.      Defendants T. Byers, LVN Le May, Insurance Carrier Jon Doe, and Doe

3              Defendant LVN be dismissed from this action.

4   These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 13, 2011**              /s/ Dennis L. Beck
                                       UNITED STATES MAGISTRATE JUDGE