1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  PERRY C. BUTLER,                             CASE NO. 1:011-cv-00723-MJS

10                    Plaintiff,                ORDER PARTIALLY GRANTING
                                                PLAINTIFF'S MOTION TO COMPEL AND
11         v.                                   DENYING PLAINTIFF'S MOTION FOR
                                                SANCTIONS
12  DR. O. ONYEJIE, et al.,
                                                ECF No. 34
13                    Defendants.

14  _____/

15  **I.    Procedural History**

16         Plaintiff Perry C. Butler ("Plaintiff"), a former state prisoner proceeding pro se and

17  in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 5,

18  2011.  The action proceeds against Defendant Onyeje for deliberate indifference to a

19  serious medical need in violation of the Eighth Amendment.

20         Plaintiff was released on parole on March 2, 2011.  Prior to his release he was

21  incarcerated in Corcoran State Prison in Corcoran, California.  He claims he has suffered

22  pain and loss of hearing as a result of Defendants Onyeje's alleged failure to properly treat

23  his ear infection.

24         On November 26, 2012, Plaintiff filed a motion to compel further responses to

25  specified discovery requests and to recover sanctions.  (Mot., ECF No. 34.); Fed. R. Civ.

26  P. 37(a).  Defendant Onyeje filed an opposition on December 10, 2013.  (ECF No. 36.)

27  Plaintiff did not file a reply.  The motion has been submitted on the record.  Local Rule

28  230(*l*).

1   After reviewing the motion papers, Court staff requested Defendant Onyeje's

2   voluntary provision to Plaintiff of all available medical documents Plaintiff had requested.

3   Defendant Onyeje reports compliance with the Court's request and provision to Plaintiff of

4   documents related to Plaintiff's medication classification, medication reconciliation,

5   medication administration record, chronic care follow-up visits, primary care flow sheets,

6   physician's orders, encounter forms, and health services request forms.  (ECF No. 53.)

7   Accordingly, the Court will consider these documents as having been produced in

8   response to Plaintiff's discovery and in evaluating Plaintiff's motion to compel.

9   **II.     Motion to Compel Response to Requests for Production of Documents**

10   A party may serve on any other party a request within the scope of Rule 26(b) to

11   produce and permit the requesting party or its representative to inspect, copy, test, or

12   sample the following items in the responding party's possession, custody or control: any

13   designated documents or tangible things.  Fed. R. Civ. P. 34(a)(1) (quotation marks

14   omitted).

15   Plaintiff seeks to compel responses to production of document requests ("PODs")

16   1, 2, 5, 6, 13, 14, 16, 22, and 23.[1]

17   **A.     POD No. 1**

18   **Request:** "Produce Defendant Dr. O. Onyeje's insurance policy from

19   September 1, 2009 to present day that insures Dr. O. Onyeje for injuries he may have

20   caused to patients during the course of treating the patient."

21   **Response:** Defendant Onyeje informed Plaintiff that as a public employee

22   Defendant Onyeje would be indemnified were Plaintiff to prevail in the action and that no

23   document would be produced in connection with this request.

24   **Ruling:** Plaintiff's motion to compel is granted in part as follows.  Defendant

25   Onyeje shall provide to Plaintiff a sworn written response to this request specifying whether

26   there is or is not an actual policy of insurance covering Defendant Onyeje for claims such

27

28   [1] The discovery requests and responses at issue in Plaintiff's motion to compel are attached to Plaintiff's motion to compel.  (Mot., ECF No. 34.)

1    as those asserted by Plaintiff in this case and, if so, the name of the carrier, the type and

2    amount of coverages available, the periods of time covered and whether there is any

3    reservation of rights with regard to Plaintiff's claims.  If there is no such policy but only an

4    obligation on the part of the state or one of its agencies to indemnify Defendant Onyeje,

5    then Defendant Onyeje shall so state under oath and advise whether there is any

6    reservation or limit on the obligation to indemnify.  See Hawecker v. Sorenson, No. 1:10-cv-

7    0085-OWW-JLT (E.D. Cal. Jan. 12, 2011) (unpublished) (granting motion to compel

8    production of insurance documents related to property at issue in the case since the

9    insurance funds could be used to pay any judgment in the case); Jacobs v. Scriber, No.

10   1:06-cv-01280-AWI-GSA-PC (E.D. Cal. Nov. 8, 2010) (unpublished) (granting motion to

11   compel documents that related to insurance agreements that could cover any judgment

12   against the defendants and in the event that such documents were not available, requiring

13   defendants to provide an affidavit to that effect);

14          **B.     POD Nos. 2, 5, 6, 13, 14, and 16**

15          **Requests:** In essence, these POD's cumulatively request production of all

16   records in Defendant Onyeje's possession relating to Plaintiff's symptoms, complaints,

17   requests for treatment, and treatment of Plaintiff's ear symptoms and impairment and

18   particular with regard to medications prescribed therefore.

19          **Responses:** Defendant Onyeje generally objected and declined to respond

20   to these PODs.  However, in response to Court  inquiry, Defendant advises that he since

21   has produced to Plaintiff medical records relating to Plaintiff. (ECF No. 53.)

22          **Ruling:** Given Defendant's supplemental production to Plaintiff of all of

23   Plaintiff's medical records in Defendant's possession, custody, or control, these requests

24   are denied without prejudice at this time.  If after review, Plaintiff has a good faith objective

25   basis to believe Defendant has not produced all documents as requested and/or that the

26   production is deficient in some way, Plaintiff will be given leave to move for further

27   production.

28

1    **C.    POD Nos. 22 and 23**

2         **Requests:** "Produce a copy of every document that provides the fees and

3    costs associated with transferring an inmate from the prison to be examined by a doctor

4    outside the prison."

5         **and**

6         "Produce a copy of every document that provides the fees and costs

7    associated with transferring Plaintiff Perry C. Butler from the prison to be examined by a

8    doctor outside the prison in August 2010."

9         **Responses:** Defendant Onyeje does not have any documents responsive

10   to these request.

11        **Ruling:** Plaintiff's motion to compel is denied.  The Court cannot order a

12   party to produce that which does not exist.

13   **III.    Motion for Sanctions**

14        Plaintiff seeks the imposition of sanctions for Defendant Onyeje's "failure to make

15   disclosures or to cooperate in discovery." (Mot. at 1.) Though the Court found Defendant's

16   original responses to be evasive and non-productive, Defendant's voluntary supplemental

17   production reflects an absence of the bad faith prerequisite to  an award of sanctions by

18   this Court.  Roadway Express, Inc. v. Piper, 447 U.S. 752, 767  (1980); Miller v. City of Los

19   Angeles, 661 F.3d 1024, 1036 (9th Cir. 2011); Gomez v. Vernon, 255 F.3d 1118, 1134 (9th

20   Cir. 2001); Fink v. Gomez, 239 F.3d 989, 993-94 (9th Cir. 2001).

21   **IV.    Order**

22        Based on the foregoing, Plaintiff's motion to compel, filed on November 26, 2012,

23   is partially GRANTED, and Plaintiff's motion for sanctions, filed November 26, 2012 is

24   DENIED.

25

26   IT IS SO ORDERED.

27   Dated:    September 30, 2013         /s/ *Michael J. Seng*

28

4

1          UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28