UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY C. BUTLER,<br><br>         Plaintiff,<br><br>   v.<br><br>DR. O. ONYEJIE, et al.,<br><br>         Defendants. | CASE NO. 1:11-cv-00723-MJS<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF NO. 78, 79, and 81)<br><br>FOURTEEN (14) DAY DEADLINE |

Plaintiff Perry C. Butler, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 5, 2011. The action proceeds on Plaintiff's First Amended Complaint against Defendant Onyejie for deliberate indifference to a serious medical need in violation of the Eighth amendment.

On January 23, 2014 the Court denied the parties' motions for summary judgment.[1] (ECF No. 77.) Thereafter a Second Scheduling Order was issued which, among other things, ordered Plaintiff to serve a pretrial statement on or before February

---

[1] On January 27, 2014 Plaintiff file a motion requesting that the Court issue a ruling on the parties' summary judgment motions. (ECF No. 78.) Plaintiff's request was rendered moot by the Court's January 23, 2014 order.

1

28, 2014. (ECF No. 79.) That deadline has passed without Plaintiff having filed a pretrial statement or a request for an extension of time to do so.

On March 13, 2014, Defendant filed a request to modify or vacate the Second Scheduling Order because of Plaintiff's failure to file a pretrial statement. (ECF No. 81.) Defendant also seeks permission to file his pretrial statement fifteen days after Plaintiff files his. (Id.) Finally, Defendant filed a motion for reconsideration of the Court's order denying summary judgment. (ECF No. 80.) Plaintiff has not filed a response.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal [of a case]." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's Order requiring that he file a pretrial statement by not later than February 28, 2014.

Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this order, Plaintiff shall either show cause why his case should not be dismissed for failure to comply with the Court's February 19, 2014 Order, or file a pretrial statement;

2. Defendant shall file a pretrial statement fifteen days after Plaintiff files his own;

3.   If Plaintiff fails to show cause or file a pretrial statement, this action will be dismissed for failure to obey a court order;

4.   Plaintiff's motion for a ruling on the parties' summary judgment motions (EFC No. 78) is denied as moot;

5.   Defendant's Motion for Reconsideration (ECF No. 80) is taken under submission pursuant to Local Rule 230(g); and

6.   The Pretrial Conference and Motion Hearing set for March 21, 2014 is vacated.

IT IS SO ORDERED.

Dated:   March 14, 2014              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE