UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY C. BUTLER,<br><br>          Plaintiff,<br><br>     v.<br><br>DR. O. ONYEJIE, et al.,<br><br>          Defendants. | CASE No. 1:11-cv-00723-MJS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 80) |

**I.   PROCEDURAL HISTORY**

Plaintiff Perry C. Butler, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 5, 2011. (ECF No. 3.) The action proceeds on Plaintiff's First Amended Complaint against Defendant Onyejie for deliberate indifference to serious medical need in violation of the Eighth amendment. (ECF No. 16.)

The parties filed cross-motions for summary judgment and various supporting documents and motions. (ECF Nos. 37-9, 43, 47-51, 54-60, 62-3, 69-72, and 76.) The Court denied the summary judgment motions, resolved ancillary filings, and set this

matter for jury trial.  (ECF No. 77.)  On February 19, 2014, Defendant filed a motion for reconsideration of the Court's order denying summary judgment.  (ECF No. 80.)  Plaintiff did not file a response.  The motion is deemed submitted pursuant to Local Rule 230(g).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.   Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . ." of that which was already considered by the court in rendering its decision.  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

## III.    DISCUSSION

In his motion for reconsideration, Defendant contends that the Court made several manifest errors of law or fact that warrant reconsideration of its decision to deny summary judgment.  Defendant argues that the Court erroneously based its decision, in part, on factual disputes not raised by the parties, Plaintiff's self-serving and uncorroborated declaration attributing improper motives to Defendant, and materials outside the record.  The motion also contends that the Court failed to properly analyze

Defendant's qualified immunity defense.

### A. Disputed Issue of Fact Created by the Court

This case raises issues regarding the nature of medical care provided by Defendant to Plaintiff in May 2010 and thereafter. However, documents in Plaintiff's records show that Plaintiff had first submitted a request for medical care for ear symptoms approximately eight months before being treated by Defendant in May 2010. In denying summary judgment, the Court observed that the parties did not dispute that Plaintiff had sought medical treatment for his ear symptoms in September of 2009. The Court also determined that summary judgment was inappropriate in part because there was an issue as to whether Defendant took Plaintiff's medical history into account in treating Plaintiff in and after May 2010 and whether a failure to do so reflected deliberate indifference.

Defendant argues that the issue of his alleged failure to review Plaintiff's medical records was not raised by Plaintiff. The Court disagrees. Plaintiff alleged that he submitted a health care service request in September 2009 complaining of pain in his throat and ears. (ECF No. 37 at 12.) That health care service request was attached as an exhibit to Plaintiff's summary judgment motion. (ECF No. 39 at 12.) Part of Plaintiff's Eighth Amendment claim is that Defendant delayed a referral to an Ear, Nose, and Throat (ENT) specialist and thereby was deliberately indifferent to his serious medical needs. (ECF No. 37 at 13.) Plaintiff repeatedly refers to the September 2009 request for care to demonstrate the severity of his medical need and to show that Defendant acted knowingly because that request was a part of Plaintiff's records. How Defendant chose to treat Plaintiff in light of his medical record was raised by Plaintiff and is a material dispute unresolved by the parties' motions.

### B. Defendant's Motive

The Court also found a genuine issue of material fact regarding Defendant's motive in denying Plaintiff's request for referral to an ENT specialist. Plaintiff claimed

that Defendant said "it did not make any sense to waste the state[']s money sending Plaintiff to an ENT because he could treat Plaintiff for the infection himself." (ECF No. 37 at 12.) Defendant denied the statement. The Court believes that if such a statement were made it could be interpreted by the finder of fact to suggest an improper basis for making a medical choice about Plaintiff's care. The parties supporting documents did not resolve this material dispute.

Defendant asks the Court to disregard Plaintiff's declaration because it is self-serving and uncorroborated. He argues that such a declaration cannot alone create a genuine issue of material fact. Defendant cites FTC v. Neovi, Inc., 604 F.3d 1050, 1159 (9th Cir. 2010), wherein the Ninth Circuit held, "[s]pecific testimony by a single declarant can create a triable issue of fact, but the district court . . . need not find a genuine issue of fact if, in its determination, the particular declaration was 'uncorroborated and self-serving.'" 604 F.3d at 1059 (citing Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002)). The point of law identified by Defendant does not warrant a change in the Court's ruling in the instant case. First, the holding only confirms that a court may, but is not required to, find a genuine issue of fact when faced with such declarations.. Second, a court can only disregard a self-serving declaration in certain instances, such as when the declaration is conclusory or is based on facts beyond the declarant's personal knowledge. See S.E.C. v. Phan, 500 F.3d 895, 909-10 (9th Cir. 2007).

The fact that Plaintiff's declaration is self-serving does not diminish its ability to create a genuine issue of material fact. "[D]eclarations oftentimes will be self-serving – and properly so, because otherwise there would be no point in submitting them." Id., 500 F.3d at 909 (citing United States v. Shumway, 199 F.3d 1093, 1104 (9th Cir. 1999)) (internal quotation marks omitted). Consequently, in most cases, the self-serving nature of the declaration "bears on its credibility, not on its cognizability for purposes of establishing a genuine issue of material fact." Id.

Furthermore, it is not significant that Plaintiff did not corroborate the comments attributed to Defendant. "That is likely to be the case regarding most conversations between two people, and does not disqualify either participant from testifying about the interchange—subject, of course, to a credibility determination by the finder of fact." Id. at 910.

### C. Qualified Immunity

Defendant's motion for summary judgment included a qualified immunity defense. The Court ruled that the case could not be resolved at summary judgment on qualified immunity grounds because material issues of fact remained in dispute. Defendant does not dispute the point of law; instead, he argues that in the present case there is no evidence that a genuine dispute exists and therefore the cases cited by the Court are inapposite.

Defendant has not identified a clear error of law or fact. He merely disagrees with the Court's judgment. That is not sufficient grounds for reconsideration. "A party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . ." of that which was already considered by the court in rendering its decision. Westlands Water Dist., 134 F.Supp.2d at 1131.

### D. Materials Outside The Record

Defendant's final point of challenge to the Court's order is that it included reference to online materials found outside the record. The Court referred to a warning regarding cortisporin in the Physician's Desk Reference website. The relevant substance of that warning is identical to the material provided by Plaintiff. Setting aside the version referenced by the Court from the website, neither the analysis nor the Court's conclusion would change. Plaintiff originally identified the manufacturer's warning and noted its apparent conflict with the treatment provided. Defendant acknowledged the warnings and nevertheless declared his treatment was reasonable. The Court determined that Defendant's declaration fell short of reconciling the disparity between the recommended use of cortisporin and the course of treatment Defendant adopted.

## IV. ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration (ECF No. 80) is DENIED.

IT IS SO ORDERED.

Dated: March 30, 2014         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE