1
2
3
4
5
6
7
8  **UNITED STATES DISTRICT COURT**
9  **EASTERN DISTRICT OF CALIFORNIA**
10

11  PERRY C. BUTLER,                                )      Case No.: 1:11-cv-0723-MJS
                                                    )
12          Plaintiff,                              )
                                                    )      ORDER DISMISSING ACTION FOR FAILURE
13      v.                                          )      TO OBEY A COURT ORDER
                                                    )
14  DR. O. ONYEJIE,                                 )      (ECF No. 83)
                                                    )
15          Defendant.                              )
                                                    )      CLERK SHALL CLOSE CASE
16                                                  )
                                                    )
17  _____)

18      Plaintiff Perry C. Butler ("Plaintiff") is a former state prisoner proceeding pro se in this

19  civil rights action pursuant to 42 U.S.C. § 1983.  The parties have consented to Magistrate

20  Judge jurisdiction.  (ECF Nos. 32, 44.)

21      On January 23, 2014 the Court denied the parties' motions for summary judgment.

22  (ECF No. 77.)   Thereafter a Second Scheduling Order was issued which, among other

23  things, ordered Plaintiff to serve a pretrial statement on or before February 28, 2014.  (ECF

24  No. 79.)  That deadline passed without Plaintiff having filed a pretrial statement or a request

25  for an extension of time to do so.

26      The Court, on March 14, 2014, issued an order to show cause, directing Plaintiff to file

27  a pretrial statement by March 28, 2014.  (ECF No. 83.)  In the alternative, Plaintiff was to

28  show cause as to why his case should not be dismissed for failure to comply with a court

order.   (Id.)   March 28, 2014, has passed without Plaintiff complying with or otherwise responding to the Court's order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."   District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.   See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

1  action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

2  policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in

3  favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to

4  obey the court's order will result in dismissal satisfies the "consideration of alternatives"

5  requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 21 779 F.2d at

6  1424.  The Court's order expressly stated: "If Plaintiff fails to show cause or file a pretrial

7  statement, this action will be dismissed for failure to obey a court order."  (ECF No. 83.)

8  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with

9  the Court's order.

10      Based on the foregoing, the Court ORDERS that this action be HEREBY DISMISSED,

11  with prejudice, based on Plaintiff's failure to obey the Court's March 14, 2014, order (ECF

12  No. 83).

13

14  IT IS SO ORDERED.

15

16  Dated:   April 4, 2014              /s/ Michael J. Seng

17                                 UNITED STATES MAGISTRATE JUDGE

3